

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-12-0486-CV

_____

In the Interest of N.F., D.F., J.F., and M.F., Children

On Appeal from the County Court at Law No. 2
Lubbock County, Texas
Trial Court No. 2003-522,865, Honorable Kevin Hart, Presiding

May 7, 2013

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Appellant Donald Fierro had his parental rights to N.F., D.F., J.F. and M.F. terminated and has appealed from that order. Appellant's appointed counsel has filed a motion to withdraw, together with an *Anders* brief wherein she certified that, after diligently searching the record, she has concluded that the appeal is without merit. Appellant filed a response to the *Anders* brief wherein he contended that 1) he was unable to access the record on the DVD mailed to him by his attorney, 2) trial counsel was ineffective and 3) the trial court erred in terminating his rights because the evidence

was insufficient to support termination. We then directed appellant's attorney to provide him with a paper record and extended his time to file a response to April 29, 2013. To date, no other response has been filed. Nor has appellant sought any additional time to respond.

In compliance with the principles enunciated in *Anders,* appellate counsel discussed one potential area for appeal which included the sufficiency of the evidence to support termination under the statutory ground (E) as alleged in the termination petition. However, counsel then proceeded to explain how the evidence was sufficient to support this ground and explained how only one sufficient ground supported termination.

In addition, we conducted our own review of the record to assess the accuracy of appellate counsel's conclusions and to uncover any arguable error pursuant to *Stafford v. State,* 813 S.W.2d 508 (Tex. Crim. App. 1991). Upon conducting that review, we determined that appellant 1) had notice of the grounds proffered for terminating his parental rights, 2) appeared at the hearing by teleconference, and 3) through counsel, had the opportunity to defend against the accusations, present evidence and cross-examine witnesses. Furthermore, the evidence presented at trial legally and factually supported at least one of the grounds for termination. *See In re P.E.W.*, 105 S.W.3d 771, 777 (Tex. App.–Amarillo 2003, no pet.) (holding that though the trial court found several statutory grounds warranting termination of the parent/child relationship, we need not determine whether each enjoys the requisite amount of evidentiary support. Instead, the decision may be affirmed if the evidence supports the existence of one ground and that termination is in the best interest of the child). The record also contains

evidence upon which the trial court could clearly and convincingly find that termination of appellant's parental rights was in the best interest of the child.

Accordingly, having found no arguable merit to the appeal, we affirm the order for termination and grant counsel's motion to withdraw.


Brian Quinn
Chief Justice